# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA
# CIVIL TRIAL DIVISION

| | | |
|---|---|---|
| GARY L. PEARCE | : | |
| 1657 Kenmare Drive | : | |
| Dresher, PA  19025 | : | |
|     And | : | |
| PEARCE ENTERPRISES LLC. | : | |
| 1657 Kenmare Drive | : | |
| Dresher, PA  19025 | : | |
|     Plaintiffs | : | |
|     v. | : | CASE NO.: 21-2874 |
| | : | |
| CESSNA FINANCE CORPORATION | : | |
| Two Cessna Blvd., Suite 100 | : | |
| North Wichita, KS  67204 | : | |
|     Defendant | : | |

## CIVIL ACTION COMPLAINT

**PARTIES**

1.  Plaintiffs are GARY L. PEARCE and PEARCE ENTERPRISES LLC, both of who are located at 1657 Kenmare Drive, Dresher, PA  19025.

2.  Defendant, CESSNA FINANCE CORPORATION, is a corporation doing business at Two Cessna Blvd., Suite 100, North Wichita, KS  67204.

**II.  FACTUAL BACKGROUND**

3a.  Jurisdiction in this case is based upon Diversity of Citizenship as all Plaintiffs and all Defendants are citizens of different states, wherein the Plaintiffs are citizens of the State of Pennsylvania and the Defendants are citizens of the State of Kansas and the amount in controversy exceeds the sum of $150,000, exclusive of interest and costs.

3b. In and around 2006, the Plaintiffs purchased a Cessna 206 airplane for approximately Five Hundred Thousand ($500,000) Dollars. As payment thereof Plaintiff deposited approximately Ten Thousand ($10,000) Dollars and financed Four Hundred Ninety Thousand ($490,000) Dollars. This plane was turned back to Defendant after Plaintiff was advised by Defendants duly authorized agents, that they would resell the plane, so that he would owe nothing, as they could easily resell it for in excess of what was still owed on the original sale. In 2011, the dealer sold it 3 years later for approximately Two Hundred Sixty Thousand ($260,000) Dollars, which left approximately Forty Thousand ($40,000) Dollars still owed. This was obviously a major misrepresentation by the Defendants.

4. This balance was a then termed out as a seven (7) year loan of which the Plaintiffs paid Five Hundred ($500) Dollars per month for approximately eighty-six (86) months, for a total of Forty-three Thousand ($43,000) Dollars.

5. At the time that the plane was turned back there was approximately Three Hundred Thousand ($300,000) Dollars owed on the Note for the plane.

6. At the time of the signing of the Note, Plaintiffs concedes that Pearce Enterprises LLC, did sign that Note. However, the Defendant, Gary L. Pearce, as an individual never signed the Note or any other documents indicating individual liability for him with respect to the obligation with regard to the plane either as a guarantor or otherwise.

7. Defendant, Gary L. Pearce, believes and therefore avers that if any signature appears on the loan documents with respect to him agreeing to individual liability, it

is a forgery; as he never signed those Notes, or any other documentation as an individual.

8. In and around approximately November, 2020, said Plaintiff stopped paying on said Note when he first realized that there was no individual liability, as per the above.

9. Approximately three (3) months after the Plaintiff stopped payment on said Note in the amount of Five Hundred ($500) Dollars per month, the Defendant filed in the Court of Common Pleas in Philadelphia, loan documentation in order to take a Judgement against the Plaintiffs, in June of 2015.

10. That the Philadelphia Foreign Judgement was later transferred to Montgomery County on or about 12/7/20 under the following identifying information, No. 2020-20199, and against Pearce Enterprises LLC and against Gary Pearce. However it was wrongfully captioned as Cessna Finance Corporation vs PEARDE Enterprises LL, on the Philadelphia docket.

11. Wrongfully, on or about April 27, 2020, the Defendant attempted to seize the bank accounts of the Plaintiff located at TD Bank, as Defendant has proceeded to collect the above sum wrongfully, against the Plaintiff individual, Gary Pearce.

## COUNT I

### WRONGFUL APPROPRIATION OF CORPORATE ASSETS, BREACH OF FIDUCIARY DUTY, CONVERSION, AND CIVIL CONSPIRACY

12. Plaintiff incorporates the allegations contained in paragraphs 1 through 11, above, as though the same were set forth herein at length.

13. As a result of the actions and inactions more fully set forth above, Plaintiff has been caused grave injury to its business relations.

14. As a further result of the actions and inactions more fully set forth above, Plaintiff has suffered serious injury to both its goodwill, as well as its reputation.

15. Defendants' outrageous conduct more fully set forth above has caused serious damage to the business relations of Plaintiff.

16. The above actions and inactions of the Defendant were committed intentionally, deliberately, maliciously and fraudulently thereby imposing liability on the defendants for punitive damages as well as compensatory damages, and entitling the plaintiff to injunctive relief.

WHEREFORE, Plaintiff demands judgment in its favor and against defendants jointly and severally in a sum in excess of Five Hundred Thousand ($500,000) Dollars along with punitive damages and any other relief the Court deems just and proper.

## COUNT II

## BREACH OF CONTRACT

17. Plaintiff incorporates the allegations contained in paragraphs 1 through 16, above, as though the same were set forth herein at length.

18. As a direct and proximate result of Defendants' breach, Plaintiff has been damaged.

WHEREFORE, Plaintiff demands judgment in its favor and against defendants jointly and severally in a sum in excess of Five Hundred Thousand ($500,000) Dollars along with punitive damages and any other relief the Court deems just and proper.

## COUNT III

## FRAUD IN THE INDUCMENT

19. Plaintiffs incorporate by allegations of paragraphs 1 through 18, as set forth fully herein.

20. As a direct and proximate result of the Defendants misrepresentations, particularly those stated by Defendant's duly authorized agents that they could "get him out of the Note, free and clear" by reselling the plane, Plaintiffs have suffered direct losses and consequential damages in excess of Five Hundred Thousand ($500,000) Dollars.

21. Defendant's actions were willful, vexatious, malicious and without reasonable justification or excuse.  These actions were undertaken by the Defendant with the sole intent to harm the Plaintiffs and wrongfully expose him to individual liability, via the forging of his signature.  Therefore, Plaintiff has also suffered punitive damages in the amount in excess of Two Hundred Fifty Thousand ($250,000) Dollars to be set by the Court, which is just and proper.

WHEREFORE, Plaintiff demands that Judgment be entered in his favor and against Defendant, in an amount in excess of Five Hundred Thousand ($500,000) Dollars.  Further, that this Court may award such other and additional relief as the Court may deem just and proper.

## COUNT IV

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AND TORTIOUS INTERFERENCE

22. Plaintiff restates all previous allegations fully herein.

23. At all times relevant, Defendant owed a duty to Plaintiff to refrain from interfering with Plaintiff's business activities and ruing his credit.

24.  By misrepresenting to Plaintiff as referred to above, Defendant tortuously interfered with Plaintiff's actions and intentionally has caused the Plaintiff great emotional pain and loss and have engaged in egregious and vexatious activity to harm the Plaintiff, as to give rise to punitive damages to be decided by the Court.

25.  Plaintiff has been damaged and incurred financial loss by the foregoing conduct in that Plaintiff in an amount in excess of Five Hundred Thousand ($500,000) Dollars and punitive damages in excess of Two Hundred Fifty Thousand ($250,000) Dollars.

WHEREFORE, Plaintiff demands Judgment in their favor against Defendants in an amount at minimum in excess of Seven Hundred Fifty Thousand ($750,000) Dollars.

## COUNT V

## MISREPRESENTATION

26.  Plaintiff restates all previous allegations fully herein.

27.  Plaintiff has been damaged and incurred financial loss by the foregoing conduct in that the Plaintiff has been damaged in an amount in excess of Seven Hundred Fifty Thousand ($750,000) Dollars.

WHEREFORE, Plaintiff demands Judgment in their favor against Defendant in an amount in excess of Seven Hundred Fifty Thousand ($750,000) Dollars.

## COUNT VI

## INJUNTION, EQUITABLE RELIEF AND CEASE AND DESIST

28.  Plaintiff restates all previous allegations fully herein.

29. That the Defendant is engaging in a course of conduct which will continue to damage the Plaintiff as stated previously.

30. That separate and apart from the legal damages set forth herein, the Plaintiff demands this Honorable Court to enter an injunction against the Defendant to Cease and Desist from any further collection efforts and to dismiss any and all liens on TD Bank and others in connection, in any way shape or form.

31. That further violation thereof will generate a penalty of at least Three Thousand ($3,000.00) Dollars per day in addition to any restrictions the Court imposes pursuant to this equitable theory.

WHEREFORE, Plaintiff prays this Honorable Court, to enter a Cease and Desist Order against the Defendant and such other relief as the Court deems just and proper.

Respectfully Submitted,

DATED:   6/24/2021            By: /s/   *Jeffrey D. Servin, Esquire*
                                                     JEFFREY D. SERVIN, ESQUIRE
                                                     Attorney for Plaintiffs
                                                     Attorney I.D. 19958
                                                     1800 JFK Blvd., Suite 300
                                                     Philadelphia, PA 19103
                                                     Phone: (215) 665-1212
                                                     Fax: (215) 654- 0357
                                                     Email:  JDServin@comcast.net

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury as to all issues.

>*/s/   Jeffrey D. Servin, Esquire*
>JEFFREY D. SERVIN, ESQUIRE

## VERIFICATION

I, GARY PEARCE, being duly sworn, according to law, depose and say that I am one of the Plaintiffs in the foregoing Complaint and that the facts set forth are true and correct to the best of my knowledge, information and belief. I understand that false statements herein are made subject to the penalties of 18 Pa.C.S. Section 4904 relating to unsworn falsification to authorities.

DATED: 6/24/2021

GARY L. PEARCE

JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Gary L. Pearce and Pearce Enterprises LLC

**(b)** County of Residence of First Listed Plaintiff: **Montgomery**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Jeffrey D. Servin, Esquire - 215-665-1212
1800 JFK Blvd., Suite 300
Philadelphia, PA 19103

## DEFENDANTS
Cessna Finance Corporation

County of Residence of First Listed Defendant: **North Wichita, KS**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [X] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane | 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability | 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | | | PROPERTY RIGHTS | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | | | 820 Copyrights | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | 368 Asbestos Personal Injury Product Liability | | 830 Patent | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | | | 835 Patent - Abbreviated New Drug Application | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle | PERSONAL PROPERTY | LABOR | 840 Trademark | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability | [X] 370 Other Fraud | 710 Fair Labor Standards Act | 880 Defend Trade Secrets Act of 2016 | 480 Consumer Credit (15 USC 1681 or 1692) |
| 190 Other Contract | 360 Other Personal Injury | 371 Truth in Lending | 720 Labor/Management Relations | | 485 Telephone Consumer Protection Act |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice | 380 Other Personal Property Damage | 740 Railway Labor Act | SOCIAL SECURITY | 490 Cable/Sat TV |
| 196 Franchise | | 385 Property Damage Product Liability | 751 Family and Medical Leave Act | 861 HIA (1395ff) | 850 Securities/Commodities/ Exchange |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | 790 Other Labor Litigation | 862 Black Lung (923) | 890 Other Statutory Actions |
| 210 Land Condemnation | 440 Other Civil Rights | Habeas Corpus: | 791 Employee Retirement Income Security Act | 863 DIWC/DIWW (405(g)) | 891 Agricultural Acts |
| 220 Foreclosure | 441 Voting | 463 Alien Detainee | | 864 SSID Title XVI | 893 Environmental Matters |
| 230 Rent Lease & Ejectment | 442 Employment | 510 Motions to Vacate Sentence | | 865 RSI (405(g)) | 895 Freedom of Information Act |
| 240 Torts to Land | 443 Housing/ Accommodations | 530 General | | FEDERAL TAX SUITS | 896 Arbitration |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment | 535 Death Penalty | IMMIGRATION | 870 Taxes (U.S. Plaintiff or Defendant) | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other | Other: | 462 Naturalization Application | 871 IRS—Third Party 26 USC 7609 | 950 Constitutionality of State Statutes |
| | 448 Education | 540 Mandamus & Other | 465 Other Immigration Actions | | |
| | | 550 Civil Rights | | | |
| | | 555 Prison Condition | | | |
| | | 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Diversity

Brief description of cause:
Fraud in the Inducement and Misrepresentation

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ Excess of $150,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE: n/a
DOCKET NUMBER:

DATE: 6/28/2021
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __1657 Kenmare Drive, Dresher, PA  19025__

Address of Defendant: __Two Cessna Blvd., Suite 100, North Wichita, KS  67204__

Place of Accident, Incident or Transaction: __Montgomery County, PA__

---

**RELATED CASE, IF ANY:**

Case Number: __N/A__   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes ☐    No ☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes ☐    No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?    Yes ☐    No ☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes ☐    No ☐

I certify that, to my knowledge, the within case ☐ is / ☐ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____    _____    _____
                          Must sign here
                          *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

A. **Federal Question Cases:**
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    *(Please specify):* _____

B. **Diversity Jurisdiction Cases:**
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury *(Please specify):* _____
7. ☐ Products Liability
8. ☐ Products Liability – Asbestos
9. ☑ All other Diversity Cases
    *(Please specify):* __Fraud & Misrepresentation__

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Jeffrey D. Servin, Esquire__, counsel of record *or* pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: __06/29/2021__    _[signature]_    __19958__
                         *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)